IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DONELL LINSON,** )
)
Plaintiff, )
)
v. ) Civil No. **04-898-WDS-CJP**
)
**C/O WEBB, AND C/O THROOP,** )
)
Defendants. )

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

Before the Court are defendants Webb and Throop's motion for summary judgment and memorandum in support thereof. **(Docs. 19 and 20).** Plaintiff has not filed a response. This Report and Recommendation is respectfully submitted to United States District Judge William D. Stiehl pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

Plaintiff Donell Linson is in the custody of the Illinois Department of Corrections, housed during the relevant time period at Pinckneyville Correctional Center. Plaintiff alleges that the defendant correctional officers, Greg Webb and Thomas Throop, failed to protect him from being attacked by his cellmate, in violation of the Eighth Amendment prohibition against cruel and unusual punishment. **(Doc. 1).** According to the complaint, for months leading up to the November 15, 2003, attack by inmate Sonny Johnson, plaintiff had repeatedly asked Webb and Throop to move him to a new cell or for a new cellmate. **(Doc. 1).**

Defendant Webb and Throop argue that they are entitled to summary judgment because: (1) plaintiff has failed to plead or prove an Eighth Amendment violation; (2) they are protected by qualified immunity; and (3) the Eleventh Amendment bars any claim for damages brought

1

against them in their official capacities. **(Docs. 19 and 20).** The defendants support their motion with plaintiff's deposition and their sworn affidavits. **(Doc. 20-2).** Plaintiff has not filed a response, although the complaint contains copies of medial records substantiating his injuries and post-attack grievance documentation. **(Doc. 1-2).**

## Legal Standard for Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);** *see Celotex Corp. v. Catrett,* **477 U.S. 317, 322 (1986);** *Spath v. Hayes Wheels Int'l-Ind., Inc.,* **211 F.3d 392, 396 (7th Cir. 2000).** In determining the existence of a genuine dispute of material fact, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.,* **477 U.S. 242, 255 (1986);** *Spath,* **211 F.3d at 396.**

Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne,* **91 F.3d 922, 931 (7th Cir. 1996).** In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings, more substantial evidence must be presented at this stage. "The object of [Rule 56(e) ] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation,* **497 U.S. 871, 888 (1990).** Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties" (*Anderson,* **477 U.S. at 247)**, or by "some

2

metaphysical doubt as to the material facts, (*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, **475 U.S. 574, 586 (1986))**."

## Analysis

Defendants note that the complaint alleges that they did not take "reasonable measures" to protect plaintiff from attack. (*See* **Doc. 1, p. 5**). Defendants assert that "reasonableness" is a negligence standard, and they intimate that plaintiff has failed to properly state an Eighth Amendment claim.

Defendants are mistaken. As detailed below, *Farmer v. Brennan*, 511 U.S. 825 (1994), makes clear that "reasonable measures" are part of the calculus involved in determining if a defendant acted with deliberate indifference, which is the Eighth Amendment standard for liability. Furthermore, Judge Stiehl has already reviewed the complaint and construed it as asserting an Eighth Amendment claim. **(Doc. 7)**. Defendants also ignore the plain statement in the complaint that the defendants' inaction amounted to "cruel and unusual punishment." **(Doc. 1, p. 5)**. Therefore, the merits of plaintiff's claim and the defendants' other arguments will be addressed.

## Failure to Protect in Violation of the Eighth Amendment

> Having incarcerated persons [with] demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course. Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objectiv[e], any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.

*Farmer v. Brennan*, **511 U.S. 825, 833 (1994).** In accordance with the aforestated rationale, the

3

Supreme Court has found that in situations such as the one at bar, involving a threat of inmate-on-inmate violence, a prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment's prohibition against "cruel and unusual punishment. *Id.*; *see also Little v. Walker*, 552 F.2d 193 (7th Cir. 1977).

Under the "deliberate indifference" standard, a prison official may be held liable under the Eighth Amendment only if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take *reasonable measures* to abate it; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, **511 U.S. at 847 (emphasis added).** A plaintiff must satisfy both the objective (substantial risk of serious harm) and the subjective (knowing disregard) components of the test. *Farmer*, **511 U.S. at 834.** This standard is the equivalent of recklessness in the criminal law sense. *Id.* **at 837.**

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. . . .Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact-finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Id.*, **511 U.S. at 842 (internal citations omitted).**

Defendants Webb and Throop contend plaintiff never communicated to them that he feared for his safety, and they were unaware of any facts from which to draw the inference that there was a substantial risk of harm. The defendants note that, according to plaintiff's own deposition testimony, he merely requested a cell change or new cellmate, not protective custody. Furthermore, the defendants assert that they have no authority to authorize a cell change of any

4

sort, and their responses to plaintiff's inquiries and/or requests were reasonable.

After being celled with Sonny Johnson for a few weeks and noticing that Johnson often spoke to himself, plaintiff concluded that Johnson was mentally ill. **(Doc. 20-2, pp. 2-3).** Plaintiff told defendants Webb and Throop that he and Johnson were having "misunderstandings, because [Johnson] didn't like cleaning himself." **(Doc. 20-2, p. 3).** Plaintiff testifies that he informed both defendants that he "would like another cell to be transferred to," because he and Johnson "wasn't [sic] getting along." **(Doc. 20-2, p. 3;** *see also* **Doc. 20-2, p. 11).** According to plaintiff, the night before the attack he and Johnson had gotten into an argument about who would sleep in the lower bunk, but plaintiff did not indicate he conveyed this information to the defendants. **(Doc. 20-2, p. 3).**

Plaintiff testifies that defendant Webb told him to ask a lieutenant about the requested cell transfer, but the lieutenant was on a vacation of some sort. **(Doc. 20-2, p. 4).** Plaintiff had a similar conversation with defendant Throop. **(Doc. 20-2, p. 5).** Plaintiff was familiar with this procedure from when he was housed at Centralia Correctional Center. **(Doc. 20-2, p. 5).** Plaintiff is unsure whether Webb or Throop have authority to make a cell change, but plaintiff asserts that they could have brought the matter to the attention of a lieutenant. **(Doc. 20-2, p. 5).**

Throop also directed plaintiff to contact the Placement Office, which plaintiff did, to no avail. **(Doc. 20-2, p. 4).** According to plaintiff, his request slips to the Placement Office stated that he and Johnson "were not getting along" and Johnson was a danger to plaintiff's health. **(Doc. 20-2, p. 4).** Throop had further advised plaintiff that if he did not get satisfaction from a lieutenant or the Placement Office, a grievance could be filed. **(Doc. 20-2, p. 5).** Plaintiff has

5

concluded that he was attacked "because there was never a lieutenant on the unit at the time I went there about getting a change." **(Doc. 20-2, p. 6).**

Plaintiff also explains that he never refused a housing assignment because to do so would garner a disciplinary ticket. **(Doc. 20-2, p. 6).** Plaintiff perceives that the only way to get a cell change and not get a disciplinary ticket is to actually get in a fight and force the issue. **(Doc. 20-2, p. 6).**

The defendants' affidavits reflect that they cannot make housing assignments or transfers, such requests must be made to the unit superintendent on duty. **(Doc. 20-2, pp. 15 and 17).** According to Webb and Throop, plaintiff never conveyed to them that there was a risk to his safety. **(Doc. 20-2, pp. 15 and 17).**

The evidence is uncontroverted that plaintiff never indicated that he wanted a cell change due to safety concerns. There is also no evidence that Webb and Throop were presented any information from which they could infer that there was a substantial risk of serious harm. References to misunderstandings and cleanliness do not suggest a substantial risk of serious harm. According to plaintiff's testimony, the only possible indication that plaintiff feared for his health and safety was in a request slip to the Placement Office, not to Webb or Throop. There are no material questions of fact to preclude entry of summary judgment in the defendants' favor.

## **Qualified Immunity**

Having concluded that the defendants are entitled to summary judgment, the Court will only briefly address the defendants' argument that they are entitled to qualified immunity.

Qualified immunity generally shields government officials performing discretionary

functions from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights which a reasonable person would have known. *Baxter v. Vigo County School Corp.*, 26 F.3d 728, 737 (7th Cir. 1994). The plaintiff bears the burden of establishing the existence of a clearly established constitutional right in relation to the specific facts confronting the public official when he acted. *Rakovich v. Wade*, 850 F.2d 1180, 1209 (7th Cir. 1988). Thus, an official is personally liable for his or her unlawful actions if, "assessed in light of the legal rules that were clearly established at the time it was taken," those actions were legally and objectively unreasonable. *May v. Sheahan*, 226 F.3d 876, 881 (7th Cir.2000) (quoting *Wilson v. Layne*, 526 U.S. 603, 614 (1999)).

This Court does not agree that the defendants are entitled to qualified immunity, at least not based on the argument that the law is not clearly established. On e need only read *Farmer v. Brennan*, quoted extensively above. However, insofar as this Court has concluded that the facts do not support a claim under the law, the defendants would be entitled to qualified immunity.

## The Eleventh Amendment

The complaint does not specify whether defendants Webb and Throop are sued in both their individual capacities and their official capacities. Therefore, it will be assumed that is the case. The defendants correctly argue that the Eleventh Amendment bars monetary damages against them in their official capacities.

This action is brought pursuant to 42 U.S.C. § 1983. **(Doc. 1, p. 1).** Therefore, money damages may only be sought from the defendants individually; official capacity suits are actually suits against the State and the Eleventh Amendment bars such damages actions. **Kentucky v. Graham, 473 U.S. 159, 166-167 and 169 (1985).** Therefore, the defendants are entitled to

7

summary judgment regarding all Section 1983 claims against them in their official capacities.

## Recommendation

For the aforestated reasons, it is recommended that defendants Webb and Throop's motion for summary judgment **(Doc. 19)** be granted. If the District Court does not adopt the recommendation and plaintiff's Eighth Amendment claim proceeds, it is further recommended that the defendants be granted summary judgment regarding all Section 1983 claims against them in their official capacities. If the District Court does not adopt the recommendation and plaintiff's Eighth Amendment claim proceeds, it is further recommended that the qualified immunity issue be reserved pending trial.

**DATED: February 7, 2008**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

## Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **February 25, 2008**. No extensions will be granted.