## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DONELL LINSON, #K55510,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 04-CV-898-WDS** |
| | ) | |
| **C/O WEBB and C/O THROOP,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is a Report and Recommendation of United States Magistrate Judge Clifford J. Proud (Doc. 23) that defendants' motion for summary judgment (Doc. 19) be granted. Plaintiff has filed objections to the recommendation (Doc. 24); therefore, pursuant to 28 U.S.C. § 636(b)(1), the Court will review *de novo* those portions of the recommendation to which written objections were made.

## BACKGROUND

Plaintiff, Donell Linson, currently resides in the custody of the Illinois Department of Corrections. Plaintiff alleges that, while he was housed at Pickneyville Correction Center, correctional officers Greg Webb and Thomas Throop failed to protect him from being attacked by his cell mate, Sonny Johnson (Doc. 1). Plaintiff claims that he repeatedly asked defendants Webb and Throop to move him to a new cell or to get him a new cellmate. *Id.* He asserts that he informed defendant Throop that he needed a "cell change before my roommate and me get into a fight." (Doc. 24). Plaintiff also contends that he told defendant Webb that Johnson "had me, [sic] scared for my life." *Id.* Plaintiff had not been transferred to a new cell before November of 2003, when inmate Johnson struck plaintiff, injuring him. *Id.*

Defendants seek summary judgment, arguing that: (1) plaintiff failed to prove a violation of his Eighth Amendment rights; (2) defendants are entitled to qualified immunity; and (3) the Eleventh Amendment bars plaintiff's claims against defendants in their official capacity (Doc. 19).

## LEGAL STANDARDS

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether summary judgment is appropriate, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

Plaintiff claims that defendants violated his Eighth Amendment right against cruel and unusual punishment by failing to protect him against violence from a fellow inmate. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To succeed on such a claim, plaintiff must demonstrate that each defendant (1) exposed plaintiff to a "substantial risk of serious harm" (2) with "deliberate indifference." *Id.* at 834.

First, "substantial risk" mean "risks so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2007).[1] Injuries suffered as a result

---

[1]The *Brown* Court explained that the Seventh Circuit has yet to clarify at what point a "risk of harm" becomes substantial enough to impose liability on a failure to protect claim. *Brown*, 398 F.3d at 911. In defining "substantial risk of harm," the *Brown* Court borrowed a standard that the Seventh Circuit previously used to resolve a sexual harassment claim brought under Title IX in *Delgado v. Stegall*, 367 F.3d 668, 672 (7th Cir. 2004). *Id.* The *Brown* Court explicitly stated that, in the context of prisoner cases, "risks attributable to detainees with known 'propensities' of violence toward a particular individual or class of individuals; to 'highly probable' attacks; and to

of a physical altercation with another inmate constitute "serious harm," as "being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Id.* (internal quotations and citations omitted).

Second, a prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. A prisoner demonstrates a prison official's actual knowledge by showing that he complained to prison officials about a specific threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7ᵗʰ Cir. 1996).

## ANALYSIS

Plaintiff claims that defendants violated his Eighth Amendment right against cruel and unusual punishment by failing to protect him against violence from a fellow inmate. Defendants correctly argue that plaintiff has failed to establish that defendants acted with deliberate indifference to a risk of harm to plaintiff. *Farmer*, 511 U.S. at 834. The record indicates that plaintiff told defendants that he was unhappy with his cellmate's mental instability and lack of hygiene and that he wished to be moved, but the record fails to establish that plaintiff ever informed defendants that he feared for his own safety and, therefore, no genuine issue of material fact on this issue exists.[2]

Responding to the Magistrate's recommendation that this Court grant defendants' motion for summary judgment, plaintiff claimed that he told both defendants that he feared for his own safety. However, plaintiff's attempt to avoid dismissal of his case does not create a genuine

---

particular detainees who pose a 'heightened risk of assault to the plaintiff' are themselves sufficient to establish a 'substantial risk.'" *Id.*

[2] Notably, plaintiff did not file a response to defendants' motion for summary judgment, only to the Report and Recommendation.

issue of material fact.  Plaintiff was given ample opportunity to create a record of these facts during his deposition, or in response to defendants' motion for summary judgment.  Raising them now, as a last attempt to create an issue of material fact, is unavailing.  Accordingly, the Court **FINDS** that the plaintiff has not shown that he advised defendants of his fear for his safety and that defendants are entitled to judgments.  Therefore, the Court **ADOPTS** the Magistrate's Report and Recommendation, **OVERRULES** the plaintiff's objections, and **GRANTS** defendants' motion for summary judgment and **DIRECTS** the Clerk of the Court to enter judgment in favor of defendants and against plaintiff.

**IT IS SO ORDERED.**

**DATED: March 27, 2008**

**___ s/ WILLIAM D. STIEHL ___**
**District Judge**